George Allan Thrasher  Phone: 602-332-7100
312 S Surfside Drive   Email: AllanThrasher@aol.com
Gilbert AZ 85233

FILED / RECEIVED JUL 0 2 2018 CLERK U S DISTRICT COURT DISTRICT OF ARIZONA BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| George Allan Thrasher<br>　　　Plaintiff<br><br>　　-vs-<br><br>TRIBAL FIRST AND HUDSON<br>INSURANCE COMPANY;<br>SALT RIVER COMMUNITY<br>GAMING ENTERPRISE DBA<br>CASINO ARIZONA, TALKING<br>STICK RESORT<br>　　　Defendants | Case No: CV-18-02080-PHX-SPL<br><br>VERIFIED COMPLAINT FOR:<br>FALSE ADVERTISING (COUNT ONE); FRAUDULENT SCHEMES AND ARTIFICES (COUNT TWO); BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT THREE); FAILURE TO PROTECT (COUNT FOUR); BAD FAITH SETTLEMENT PRACTICES (COUNT FIVE); NEGLIGENCE (COUNT SIX); UNFAIR BUSINESS PRACTICES (COUNT SEVEN); VIOLATION OF ARIZONA RICO (COUNT EIGHT); VIOLATION OF FEDERAL RICO (COUNT NINE). |

## JURISDCTION

1. This court has jurisdiction pursuant to 28 U.S.C. 1331, 18 U.S.C. 1964, 28 U.S.C. 1367. Venue is proper pursuant to 28 U.S.C. 1391 and 18 U.S.C.1965. Defendants conduct business in Arizona, Maricopa County. Arizona allows RICO claims for personal and property injuries, see Hannosh v. Segal 328 P.3D 1049 (2014). Purposeful availment or direction in Arizona gives this court jurisdiction, see Ziegler v. Indian River Community, 64F.3D 470, 473 (9th Cir. 1995).

## PARTIES

1) George Allan Thrasher is a citizen of Arizona.
2) Defendant Tribal First and Hudson Insurance Company is located in San Diego, California and does business in Arizona. Defendant is a person within the meaning of 18 U.S.C.1961(3) capable of holding legal and/or beneficial interest in property.
3) Defendant Salt River Community, Talking Sticks Resort, is located in Maricopa County and a person within the meaning of 18 U.S.C. 1961(3) capable of holding legal and/or beneficial interest in property.
4) By the association in fact Defendants formed the Insurer enterprise engaged in and the activities of which affect interstate commerce within the meaning of 18 U.S.C. 1961(4).

## STATEMENT OF FACTS

5) Defendant Salt River advertises gambling and its advertisements do not disclose the fact that too many patrons who go to their Casino get injured their person or property.
6) Relying on the advertisement that the Casino is safe Plaintiff went to patronize the Casino.
7) Had Plaintiff known the Casino was not safe he would not have patronized it on July 11th 2017.
8) The Casino gave Plaintiff food with glass that caused Plaintiff to break a tooth and internal bodily injury.

## THE USE OF INTERSTATE WIRE AND US MAIL

9) As contemplated by Defendants on December 27, 2017 Plaintiff sent a letter from Phoenix, Arizona to San Diego, California by U.S. mail discussing his injury and the claims. Similar letters were sent by U.S. mail on January 15, 2018.
10) s contemplated by Defendants, Plaintiff sent emails from Phoenix, Arizona to Sylvia Granillo, Defendants liability adjuster in San Diego on February 8th, 2018; February 26th, 2018; March 19th 2018, using interstate wire.
11) In accordance with their practices Defendants from San Diego sent Plaintiff letter by U.S. mail on July 24th, 2017, December18th, 2017, January 29th, 2018 and email February 26TH, 2018.

## MATERIAL OMISSIONS

Defendants omitted the material facts that:

   a) In the casino there have been many injuries;
   b) For these injuries numerous claims have been filed;
   c) These claims have been found to be valid;
   d) Confidential settlement agreements were executed by Defendants to prevent disclosure of these injuries;

    e) Because of the confidentiality corrective actions were not taken;
    f) Had corrective action been taken there would be no injury to Plaintiff.

12) In accordance with their practices Defendants using interstate wires sent Plaintiff emails from San Diego, California to Gilbert, Arizona on February 26th, 2018.

## COUNT ONE: FALSE ADVERTISING

13) A.R.S. 13-2203. A reads: " A person commits false advertising if, in connection with promotion of the sale of services, such person recklessly causes to be made or makes a false or misleading statement in any advertisement."
14) The advertisement on TV and papers for the casino does not disclose the fact that the casino is a dangerous environment where too many patrons such as Plaintiff have been injured. In fact the advertisements to the contrary appear to show that the casino is a safe environment.
15) Plaintiff justifiably relied on the false advertisement and was thereby induced to part with his earnings and deliver it to the Defendants.
16) With knowledge of the false advertising Defendants have substantially harmed Plaintiff and the other patrons.
17) As a direct and proximate cause of the false advertising Plaintiff had been injured.

## COUNT TWO: FRAUDULENT SCHEMES AND ARTIFICES

18) A.R.S. 13-2310. A reads: " Any person who, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false -- pretenses -- or material omissions" violates the statue.  Reliance is not necessary A.R.S. 13-2310.B.
19) ARS 13-105.2 provides that benefit may be tangible or intangible, Hannosh v. Segal, 328 P.30.1049 (2014).
20) From their advertisement Defendants concealed the fact that the casino is not a safe environment but an environment where too many patrons have been injured.
21) Had they not made this material omissions, neither Plaintiff, nor those similarly situated would have patronized the casino or given it their earnings.
22) By and through emails dated February 26th, 2018,..... Defendants covered up these prior complaints.
23) Defendants are liable for fraudulent schemes and artifices.

## COUNT THREE: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24) Defendants entered into an oral contract based on the omissions set forth in this complaint.

25) They violated the implied covenant of good faith and fair dealing in the performance and enforcement of the contract.
26) The contract implied Plaintiff's safety while in the casino when the fact is Defendants knew this to be false and placed Plaintiff safety in jeopardy.
27) Defendants breached their duty to ensure that the casino was safe.

## COUNT FOUR: FAILURE TO PROTECT

28) By and through their advertisements and solicitations Defendants assumed the duty to protect their patrons like Plaintiff.
29) They breached this duty by failure to ensure that the services they provided did not cause the patrons any injury.
30) As a consequence of their failure to protect Plaintiff have been injured. As a failure to protect, Plaintiff and others has been injured. Recently in April 2018, a shooting took place in the parking lot of Talking Stick Resort.

## COUNT FIVE: BAD FAITH SETTLEMENT

31) Tribal First engaged in bad faith settlement practices by entering into confidential settlements with other victims and not ensuring that the casino took corrective action to ensure the safety and security of all patrons.
32) Tribal First refused to in bad faith consider these past other complaints thereby ensuring that patrons of the casino are injured and not protected.
33) During telephone conversation from San Diego, CA to Gilbert, AZ – Ms. Granillo advised Plaintiff that she only had authorization to settle claim with Plaintiff for $3,000, then in same call she had authorization for $4,000.

## COUNT SIX: NEGLIGENCE

34) Defendants were negligent in that they failed to ensure that the food served was free from materials that if consumed would cause injury.
35) Consuming the food served by Defendants, which had glass in it, has injured Plaintiff.

## COUNT SEVEN: UNFAIR BUSINESS PRACTICES

36) Defendants engaged in the conduct in this complaint, which they knew was likely to deceive.
37) Their acts and practices described in this complaint were unfair business practices, fraudulent, untrue and ongoing.
38) Defendants have engaged in the uniform pattern and practice of unfair and overly aggressive soliciting of patrons, injuring them and enriching the Defendants, causing substantial harm to consumers.
39) As a direct and proximate cause of their unlawful, unfair practices, Plaintiff has been injured in his person and spent his money in casino.

## COUNT EIGHT: VIOLATION OF ARIZONA RICO

40) Arizona authorizes RICO claims for personal injury, Hannosh v. Segal, 328 P.3D 1049 (2014).
41) By their association in fact Defendants formed "Insurer" an enterprise that is associated in fact.
42) This enterprise is a criminal syndicate under A.R.S. 13-2301.C.7.
43) By their conduct in this complaint these Insurer and Defendants violated A.R.S. 13-2308.A.1.
44) By their violation of A.R.S. 13-2310 through their scheme or artifice to defraud through the material omissions Defendants obtained the benefit Plaintiff describes in this complaint violating A.R.S. 13-2312.A.B. They through racketeering acquired or maintained through the casino business control of the Insurer enterprise.
45) By their acts in this complaint and as a consequence of violations of A.R.S. 13-2314.04.A; 13-2312.A.B; 13-2310.A, by pattern of racketeering activity conducted by and through the Insurer enterprise as described in this complaint caused Plaintiff reasonably foreseeable injury.
46) Defendants, and each of them by illegally controlling the Insurer enterprise through the racketeering activity in this complaint, acquired control of the Insurer enterprise through unlawful acts caused Plaintiff reasonably foreseeable injury.
47) Defendants have devised and controlled the Insurer enterprise through its proceeds by acquiring or maintaining control by investment in the Insurer enterprise.
48) Defendants and each of them have received income derived directly and/or indirectly from the pattern of racketeering activity described in this complaint. They used or invested directly and/or indirectly parts of such income, in the acquisition or control or an interest in the establishment of or operation of the Insurer enterprise.
49) Defendants through a pattern of racketeering activity acquired or maintained control directly or indirectly interest or control of the Insurer enterprise.
50) Defendants, and each of them employed by or associated with Insurer enterprise conducted or participated directly or indirectly in the conduct of the Insurer enterprise through a pattern of racketeering activity.
51) Defendant and each of them aware that their actions violated clearly established law agreed to and engaged in the course of conduct in this complaint causing Plaintiff reasonable foreseeable injury violating A.R.S. 13-2314.04.A.
52) Plaintiff has been subjected to reasonably foreseeable injury in his person and property as a direct and proximate cause and consequence of each of the Defendants.

## COUNT NINE: FEDERAL RICO

53) Plaintiff incorporates paragraphs 1 through 52 as if fully repeated here.
54) At all times relevant herein Insurer was and is an associated in fact enterprise as defined by 18 U.S.C. 1961(4) that is engaged in and its activities affect, interstate and foreign commerce. It is separate and distinct from individual Defendants. One of the purposes of this enterprise is common ownership and control, and through organization

of personnel by functional units. In addition to its legitimate Insurance activities, it is used to carry out the fraudulent activities at issue in this complaint.

55) Defendants and each of them knowingly and willfully associated with the enterprise, and conducted and participated in the conduct of the enterprise's affairs, directly and indirectly, through a pattern of racketeering activity in violation of 18 U.S.C.1962 (c). Defendants did so in part by using their form and structure and conducting the affairs of the enterprise through a pattern of racketeering activity.

56) The pattern of racketeering engaged in by Defendants constitute mail fraud in violation of 18.U.S.C. 1341and gambling, all of which is racketeering activity as defined in 18U.S.C. 1961 (1) (A)(B).

57) The predicate acts are in excess of 10 acts as set forth in this complaint. These predicate acts include mailings containing misrepresentation or omissions made in furtherance of the scheme, telephone calls containing misrepresentations or omissions in furtherance of the schemes e-mails containing misrepresentations in furtherance of the schemes. These predicate acts, and evidence of the schemes constituting the pattern of racketeering, include the mail fraud and wire fraud set forth in this complaint.

58) Defendants knowingly and willfully associated with the association-in-fact enterprise and conducted and participated in the conduct of the enterprise's affairs, directly and indirectly, through a pattern of racketeering activity in violation of 18 U.S.C. 1962 (c).

59) Defendants an each of them through a pattern of racketeering activity directly or indirectly maintained interest or control, of enterprise engaged in or the activities of the which affect interstate commerce violating 18 U.S.C. 1962(b).

60) Defendants, and each of them, conspired to violate 18 U.S.C. 1962 (a)(b)(c) violating 18 U.S.C. 1962(d).

61) As a result of the pattern of racketeering activity Plaintiff has suffered damage to his property.

## PRAYER FOR RELIEF

Plaintiff demands a trial by jury, damages of $250,000, treble damages, costs, fees, and other relief.

*George Allan Thrasher*
George Allan Thrasher

## VERIFICATION

I declare under the penalty of perjury the contents of this complaint are true and correct to the best of my knowledge.

Date: 6/26/18         *George Allan Thrasher*

George Allan Thrasher